SCANNED at Plainfield and Emailed on
3-3-22  SJB  26
(date) by (initials) (num) pages.

FILED
03/03/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

# UNITED STATES DISTRICT COURT
## INDIANAPOLIS DIVISION

Mark West, Plaintiff

V.

No. 1:22-cv-419-SEB-MPB

(To be supplied by the Court)

CIVIL COMPLAINT

Tricia Pretorius, Facility Administrator;

Chassity Plummer, Health Service Administrator;

Nurse Allyssa; Nurse Joy;

Robert Carter Jr., IDOC Commissioner;

Doctor Stien, Centurion Doctor; Dr. Wilks;

Jeremy Jones, Grievance Specialist;

Centurion, Medical Provider;

Sergeant Vululleh, Defendants.

Plaintiff is requesting this pro se pleading be construed liberally and be held to a less stringent standard then formal pleadings drafted by Lawyers. See Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015). Other Defendants could be amended if there's more unprofessional conduct need documented/redressed.

Each defendant is sued individually and in their official capacity. At all times relevant to the complaint, each defendant acted under color of State Law. This Plaintiff has no prior litigation history at all. Grievance Policy was exhausted.

Defendants.

5

# I. JURISDICTION AND VENUE

1) This is a Civil Action authorized by 42 U.S.C. Section 1983 to redress the deprivation under Color of State Law, of Rights secured by the Constitution of the United States. The Court has Jurisdiction under 28 U.S.C 1331 and 1343 (a)(3). The Plaintiff seeks declaratory relief pursuant to 28 U.S.C Section 2201 and 2202. Any claim for injunctive relief are authorized by 28 U.S.C Section 2283 and 2284, and Rule 65 of the Federal Rules of Civil Procedure.

2) The Southern District of Indiana, in the Indianapolis Division, is an appropriate Venue under 28 U.S.C Section 1391 (b)(2), because It is where the events giving rise to this Claim occurred.

# II. PLAINTIFF

3) Plaintiff, Mark West, is and was at all times mentioned herein a Prisoner at Plainfield Correctional Facility located at 727 Moon Road, Plainfield Indiana, 46168.

The Facility could transfer him, which would be updated here in amended Complaint.

## III. DEFENDANT'S

4) Tricia Pretorius, is and was at all times herein the Facility Administrator at Plainfield Correctional Facility. She is responsible for the conditions of confinement and the overall operations of Facility. She is responsible for training staff and municipal practice/policy, in her Official Capacity as Warden.

5) Chassity Plummer, was the Health Services Administrator for "Centurion", the IDOC Medical Provider. She was fired in the course of this litigation. She was responsible for training staff and Medical practice and policy in her official capacity as the (HSA) Health Service Administrator. It is not clear if her position has been filled, now Nurse Allyssa is in charge. On or about 1-24-22 Chassity was fired it's believed.

6) Nurse Allyssa, is a Nurse at the Facility. She is currently lead Nurse, it's unclear if she is now HSA.

7) Nurse "Joy" is a Nurse at the Facility

8) Robert Carter Jr., continues to allow an unacceptable standard of Medical care from the Provider, allows Grievance Procedure Abuse and needs to be held liable under "Monell" 8th Amendment Claim.

8) Robert Carter Jr., IDOC Commissioner, is being held liable in his Official Capacity for not mandating the Plainfield Facility number the Grievances, demand all facilities under his control start properly filing Grievances Electronically. The Final policy maker on many issues he needs to be included for injunctive relief in policy changes that only he can incorporate. He needs to demand proper training and remedies in IDOC.

9) Centurion, IDOC Medical provider, need to be held in Official Capacity claims for these issues in the Medical policies being practiced. The delay in providing proper medical solutions include Covid protocalls they have mastered the appearance of care, "Quarantined Units" but dont go check on inmates health status. The final Policy maker is being held liable for inadequate training and reckless practices risking lives.

10) Jeremy Jones, Grievance Specialist is intentionally delaying access to care, medical Grievance being returned, it's deliberate indifference manipulating IDOC Policies.

11) Doctor Stien, is not providing follow up care or pain relief despite severe pain/complications.

12) Sergeant Vululleh wasted precious time as severe internal bleeding was on-going, he caused humiliation and emotional damages.

13) Others could be named here upon Discovery. Dr. Wilks is being named.

14) Each defendant is sued individually and in their official capacity if it applies. At all times herein all defendants acted under Color of State Law as a Government employee.

## IV. FACTS

15) On 1-16-22, at 1:40 A.M., Plaintiff became ill and experienced extreme pain in his mid section. He laid down feeling very exhausted and continued having sharp pains and cold sweats throughout the night.

16) At 7:38 AM, Prisoner Shaquille Brown told Unit-M Staff, Plaintiff was having complications and the other Officer's stationed in Unit-M all arrived. Instead of call a Emergency signal, they falsely accuse the Plaintiff of drug ingestion. The first responders were not contacted immediately.

17) Sergeant Vululleh, and witness Officer Lowe, are informed this is a serious ordeal and extreme pain and exhaustion were apparent upon arrival. Sergeant Vululleh stated "Stop being a Bitch dude if you want me to help." He continues searching for contraband instead of help. This intentional delay made Plaintiff fear for his life.

18) With no medical on-site, the Sergeant Vululleh forces Plaintiff up, causing unbearable pain.

19) This caused Plaintiff to lose conciousness. After waking up, now Sergeant Daniel's, Officer Foster, Officer Jones are there. They again are forcing Plaintiff up with no medical personel there and it caused conciousness to be lost again. Then Medical arrived, started tending to Plaintiff. The IYC Staff's caused the "fall", causing extreme left side pain upon impact.

20) The Officer's continue defaming the Plaintiff's character, insisting this was an intox, they force the Plaintiff up a 3rd time forcing him to walk down stairs. By this time all inmates are watching, hearing the defamatory remarks, humiliating Plaintiff. This caused very extreme emotional distress intentionally.

21) Plaintiff is finally placed in a wheelchair taken to medical. The pain got so bad the Plaintiff had to lay on the floor. A Matress is laid directly on the ground a/s Nurse Morgan administered an IV for dehydration. Plaintiff's vital's were 55/33 and Dr. Stien instructed transport to Hendrix Hospital. Plaintiff multiple times went in/out of conciousness. It caused extreme anxiety.

22) The C.T. scan determined Plaintiff's Spleen had ruptured, he had lost at least 6 pints of blood internally. He almost died.

Due to the Serious bodily injury, signifigant delay by 1st responder's, the poorly trained IYC Staff aggravated this with their intentional delay, it allowed the excessive blood loss. The Hendrix medical team mandated transport to St. Vincent.

23) The St. Vincent medical team immediately start treating the low blood oxygen levels, fatigue and humiliating treatment by the Defendant's. It was explained no medical exam for Covid-19 had occurred. They also determined the Plaintiff was fighting for his life severely ill with Covid-19. He tested positive and partially explains the loss of conciousness and extreme conditions described herein at IYC. Despite "Quarantining Units", no medical checked inmates from 1-14-22 to 1-28-22.

24) The Facility actually knew Covid-19 was going around the Facility, on 1-14-2022 they implemented a "Facility Wide" Quarantine, locking all Units down for a Covid precautionary measure.

However, it really was simply a ploy to look good on paper. No Medical was inside the Units to check vitals or see if there was other Victim's suffering Covid symptoms, which obviously there were. Plaintiff's Unit "M" actually had Covid-19 Positive inmate Justin Stearns removed to real "Quarantine" 1-15-22. The "Quarantine" was a Restricted Movement Order by upper Management. Quarantine requires medical protocalls and appearance of the medical person's providing care. Again inmates testing Positive in Unit still didn't change care provided, it was all for show. These time saving policies of both Tricia Pretorius staff and Chassity Plummer (HSA), contributed to the serious bodily injury and it almost cost the Plaintiff his life.

The "Quarantine" Units were not provided proper medical care 1-14-22 to 1-28-22. The Facility had everything shut down, no excuse for these inactions.

25) Plaintiff survived the serious bodily injuries and upon return was placed on a medical isolation cell unit due to these injuries and Covid status. The Facility would not provide Grievance form's to seek proper remedies.

26) The Surgeon ordered follow up care that was not followed by IDOC Medical provider. There still has not been a Doctor review to discuss the recovery. The Pain relief ordered for the internal injuries is not here as of 2-7-2022 or Oxycodone. This is denying 8th Amendment right to decent conditions.

27) The Nurse Joy has multiple times insulted the Plaintiff at the medical line med pass. She has humiliated Plaintiff for questioning why pain relief for surgery is not here after 3 weeks.

Nurse Joy on 2-5-22 at P.M. med-line, told Plaintiff his "Dope" still was not in. The defamatory remarks were witnessed by IYC Staff/Officer, the staff are not mandated to wear Identification badge viewable so that particular Officer is currently unknown.

28) Nurse Addison, told Plaintiff if he wanted "Prime Care", to not come to prison. They have been told headaches are constant now, lightheaded is new normal and the pain is extreme, yet no bloodwork or follow up care has been provided to monitor recovery.

29) Nurse Allyssa Emailed on site Dr. Stien about the Plaintiff's skin tone/color, shortness of breath and blood pressure on 1-28-22 and was discharged from isolation despite these complications and complaints. Nurse Tonya was a witness to the Doctor Emails; Tonya checked Vitals.

30) Plaintiff has been basically Retaliated on for expecting a Doctor's Order to be followed. Grievances were filed finally produced on 1-25-22 or 1-26-22, and one was Returned with no Grievance number, Jeremy Jones replies on it he has till 2-17-22 to respond.

This type of Medical emergency and complication is not to be returned with a response like this. Per Grievance Policy, all medical related Grievances in 00-02-301, Offender Grievance, pg. 8 Section D, VIII, "The Offender Grievance Specialist and the health Services administrator (HSA) shall meet weekly to discuss Health Services related Grievance submissions and to formulate the responses."

See Exhibit-A, the 1-25-22 "Return of Grievance" on 1-26-22 has not followed this specific policy in a serious medical condition being delayed for no logical explanation.

There has been many Ombudsman filed by other Prisoner's detailing this intentional abuse of Policies to prevent compliance with Prison Litigation Reform Act and prevent it being logged in the IDOC System. Tricia Pretorius continues to allow this causing alot of Medical injury be left off records.

31) On 2-5-22 @ pm Medication Nurse Joy said your Medication Has been discontinued! Without even checking Medication Chart. I informed her I just recieved the (Substitute Tylenol 3) At afterNoon medication pass she said you just want your Dope! And continued to take every step to Not give me my Medication including going to a different chart to prove me wrong. I then asked if my new order has been filled yet she said (No!) ("Do you want your pills or Not") I told her yes and watched her Mark down I recieved My Oxycodon instead of the Tylenol 3 I was given. This medicine is not alleviating the pain either.

32) @ Afternoon med pass I entered HSU to try to get my blood pressure tested due to severe Headache, Stomoch cramps, and fatigued Nurse Alisa said your Rude I have someone in here. I told her I didnt feel well and that I also put in multiple Health Care request. She said Would you want Someone around when your Being Seen, I repeated the memo that Medical will be seeing people in the visit room to ~~the~~ Catch up on backed up medical request so its Now your New protical, Asked Her did you Call My Emergency Contact (Rhonda Cox) to release (1-30-22) records As she informed her she would within 24 hrs she said No!

33) Dr Stien Recieved Email from mary carr to follow up on 1-30-22 He Called Me down, I informed him of pain, shortness of breathe, Kidney pain, bowel moment still Not Working, sharp pain in Neck and Headaches, he ordered pain meds, and laculose, after Drinking laculose. I sat to use bathroom and experienced blood No "poop". told Sgt Adawadi to Call Alisa inform about problem. She responded with "She dont want to see me. He then Documentad So he showed he exhausted he own efforts. This blatent hardships and harassment has delayed treatment, it's deliberate indifference.

At this point as of 2-8-2022, all known remedy to recieve follow-up care have been utilized and have not worked. The conditions have gotten worse to an extent.

There's severe pain in right side lower rib area, it's unclear if it's liver or kidney issues or Spleen needing fully removed. The Plaintiff has had Spleen issues the Medical Provider Knows about. The obvious suffering is no concern. They will not schedual bloodwork to make sure the feeling of death is not blood poisoning. A Doctor has been requested multiple times since returning from hospital.

On 2-9-2022, Jeremy Jones instructed the Prisoner helping in filing Grievances, "Mark's up and moving and can file his own Grievances", as multiple Medical Grievance are being returned with no number, not following IDOC policy 00-02-301, which specifically states a weekly meeting with HSA is policy to formulate response to ALL Medical Grievances. Here Jeremy is making his own medical determinations based on Plaintiff ability to move.

On 2-9-2022, Plaintiff's emotionally distressed Mother who had been calling IYC, Central Office, all known options to seek medical care for her son, has to contact Chief Medical Officer of IDOC Doctor Kristen Dauss, who could not believe the Facility had not provided follow-up care. Dr. Dauss called immediately to the Facility and within an hour the Plaintiff was down in Medical seeing Dr. Wilk's.

Dr. Wilk's confirmed she decided to change pain relief ordered by Dr. Stien without medically reviewing Plaintiff, 1-30-22.

Dr. Wilks is explained how the pain's actually gotten worse and moved over into the right side rib area of midsection.

She starts examining Plaintiff, she hits the area of the Gallbladder and is informed not to do that again because it hurt so much. She immediately explains there is a massive "blood clot" from the internal blood loss and claims it may take 3 months to allow the body to filter out the 6 pints of blood loss when the Spleen severed. She refused to order a CT scan. She ordered bloodwork but refused to provide stronger pain relief.

For 3 weeks of extreme pain, the medical team knew the situation could have gotten worse and it did, but refused to reasonably respond or do any proper follow up care. Instead the Grievance Specialist is making medical judgment from afar when he isnt medical, IDOC medical provider wont schedual a Doctor follow up care or order blood work.

The Nurses are defaming Plaintiff's character for expecting the Doctor ordered pain relief, until a Doctor that's not even medically reviewed him changes that pain relief knowing severe pain was likely to compound as the body recovered. This is likely due to Grievance Specialist undue influence to Medical staff. Theres much more that adds details of delayed treatment intentionally causing pain but it's getting into the negligence and medical malpractice area of involved Defendants. The lengthy facts section is sufficient to support claims for deliberate indifference on multiple individuals or corporations in their official capacity. They all know the pain relief isnt working and risk serious complications due to their action and inactions.

Now on February 23, 2022, the Facility Grievance Specialist indicates there is no medical records for Plaintiff from 1-15-22 onward.

Central Office "Shellwater", indicates there is not Emails between these named Defendants or the Hospital's to adequately respond to the concerns in Grievance 138371. It was Appealed and fully exhausted.

Despite denying the Grievance and claiming the situation was handled properly, the action and inaction of the named party and delay of follow up care until IDOC Chief Medical Officer Dr. Kristen Dauss was called says different.

The Grievance Specialist basically used more then is allowed time wise to respond to a Grievance. It is really a Medical Grievance needing to formulate responses with the Facility HSA, who was fired in the middle of this all. Or Chassity Plummer.

Now it appears Spollation of evidence is occuring before an imminent Civil Lawsuit is filed going to try and shift the blame to Chassity when clearly it involves upper management and other personel. Longtime IYC employee "Ms. Feeney" is now in Central Office pulling strings as she transfered or left last Summer. She handles Medical Contracting for IDOC, it's concluded she is involved in the disappearing medical documents. These are unacceptable municipal practice and policies and manipulating the basic care all Prisoners are afforded. Now pulling strings Spollating evidence is denying procedural due process as Medical care is being denied until Dr. Kristen Dauss calls.

# V. EXHAUSTION OF LEGAL REMEDIES

34) Multiple health care request have been literally ignored or lost, it's been grieved to follow compliance with the Prison Litigation Reform Act. Those health care request will be attatched at back as Exhibit "B". A Tort claim has concurrently been filed. See Exhibit "C".

35) The Grievance procedure has been attempted on various issues from staff training or lack there of, the operations of facility and conditions of confinement. The facility refused to provide Grievance forms during the course of injuries described herein.

Only one so far has came back indicating the other one sent concurrently will be responded to/numbered, despite the emergency situation and extreme pain and suffering. That Grievance and "Returned Grievances will be attatched as Exhibit "A".

36) The Ombudsman bureau has been used due to the manipulation of Policies, not having Grievances properly numbered, to verify specific details of the mismanaged Facility. Those # are so far: 22-00000072630, 22-72857,

37) The Plaintiff seeks relief just and proper in the premises for the delayed medical care, failure to train the staff properly, and the deliberate indifference resulting from manipulated policies.

# VI. LEGAL CLAIMS

38) The Plaintiff is requesting the Court proceed with the following Claims on the Defendant's individually or in their official capacity:

- 8th Amendment Claims on all applicable defendants for their action, inaction, failure to Train or follow practice/policy. The delay in pain relief and treatment, followup care, not following Doctor's orders, is Deliberate indifference. The Humiliation and emotional damages - I.I.E.D., are permanent and tramatizing. These claims are for Medical, Mental Health and "Monell" Civil Rights.

39) Plaintiff has no plain adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless the Court grants the Declaratory and/or injunctive relief Plaintiff proposes.

40) The claims on Tricia Pretorius in her Official Capacity, and "Centurion", and IDOC Commissioner Robert Carter Jr., is for allowing these Grievance Policies and Medical care Policies be manipulated with widespread policies made known through unconventional ways and no changes are being attempted to fix the intentional practices documented in Ombudsmans sent immediately downstate.

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray's Court enter Judgment:

41) Granting Plaintiff, Mark West, a declaration the acts and omissions described herein violated his Rights Under the Constitution and Laws of the State of Indiana, and the Constitution and laws of the United States of America.

42) A preliminary and permanent injunction ordering IDOC/Defendants start providing medical care without delay, stop manipulating policies to the P.L.R.A returning very serious Grievances with no numbers. They all need numbered to allow the IDOC system to docket all the internal issues. Over 90 percent of the Grievances return claiming Classification issue or Various excuses. A Mandatory update to Electronic Grievance Procedure needs ordered for ALL DOC Facilities as this is a widespread practice and it's acceptable from IDOC Commissioner it appears.

43) Granting Plaintiff, $ 2,000,000.00 in compensatory damages individually and severally against each defendant.

44) Granting Plaintiff Punitive damages in an amount to be determined by the Court.

45) Plaintiff seeks a Jury Trial on all issues Triable by a Jury.

46) Plaintiff is seeking recovery of all costs associated with the filing of this suit.

47) Any additional relief this Court deems just, proper and equitable.

I, Mark West, Affirm under penalty of Perjury the above representation's are true and Correct to best of plaintiff's Knowlege and belief. Some is based on information/belief, I believe it's true.

Executed at Plainfield Correctional Facility on 2-8-2022

Affiant /s/ Mark West